# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**APRIL 2026** **01466**
E-Filing Number: 2604025860

| | |
|---|---|
| PLAINTIFF'S NAME<br>ATINA BENSON | DEFENDANT'S NAME<br>LYFT INC. F/K/A AND A/K/A AS BOUNDER WEB INC. F/K/A AND A/K/ |
| PLAINTIFF'S ADDRESS<br>3735 ASPEN ST<br>PHILADELPHIA PA 19104 | DEFENDANT'S ADDRESS<br>330 N. BRAND BLVD., STE 700<br>GLENDALE CA 91203 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ALI JAMIL MUNSON VONNER A/K/A ALI MUNSON VONNER A/K/A ALI VO |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>7917 SILVER OAK RD<br>HANOVER MD 21076 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>N/A<br>N/A PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other:<br>☐ Mass Tort ☐ Savings Action ☐ Petition<br>☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals<br>☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br>APR 10 2026<br>G. IMPERATO | YES NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ATINA BENSON

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>SIMON T. HAILEAB | ADDRESS<br>WAPNER NEWMAN<br>1628 JFK BLVD.<br>SUITE 800<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-0900 / FAX NUMBER<br>(215)569-4621 | |
| SUPREME COURT IDENTIFICATION NO.<br>317772 | E-MAIL ADDRESS<br>shaileab@wapnernewman.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SIMON HAILEAB* | DATE SUBMITTED<br>Friday, April 10, 2026, 02:27 pm |

**BY: SIMON T. HAILEAB, ESQUIRE**
IDENTIFICATION NO. 317772
shaileab@wapnernewman.com
**WAPNER NEWMAN**
1628 JFK Blvd., Suite 800
Philadelphia, PA 19103-4433
(215) 569-0900

THIS IS A MAJOR CASE
JURY TRIAL DEMANDED
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
10 APR 2026 02:27 pm
G. IMPERATO

WAPNER NEWMAN
ATTORNEYS AT LAW

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **ATINA BENSON**<br>3735 Aspen Street<br>Philadelphia, PA 19104<br><br>Plaintiff<br>vs.<br><br>**LYFT INC. f/k/a and a/k/a as BOUNDER WEB INC. f/k/a and a/k/a ZIMRIDE, INC.; all collectively d/b/a as LYFT**<br>330 N. Brand Blvd.,<br>Suite 700,<br>Glendale, CA 91203<br>and<br>**ALI JAMIL MUNSON VONNER a/k/a ALI MUNSON VONNER a/k/a ALI VONNER**<br>7917 Silver Oak Rd<br>Hanover, MD 21076-2052<br>and<br>**JOHN DOE**<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>APRIL TERM, 2026<br><br>NO. |

## CIVIL ACTION

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

## FACTS COMMON TO ALL COUNTS

1. At all times material hereto, plaintiff, ATINA BENSON, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, LYFT INC. f/k/a and a/k/a as BOUNDER WEB INC. f/k/a and a/k/a ZIMRIDE, INC.; all collectively d/b/a as LYFT (hereinafter collectively referred to as "Lyft"), is a corporation or other business entity, authorized to do business within the Commonwealth of Pennsylvania, with a registered agent located for service at the above captioned address.

**Exhibit 3.1**

**RESTATED CERTIFICATE OF INCORPORATION**
**OF**
**LYFT, INC.**

Lyft, Inc., a Delaware corporation, hereby certifies that:

1. The Corporation was originally incorporated under the name Bounder Web, Inc. The Corporation changed its name to Zimride, Inc. on July 21, 2008. The Corporation changed its name to Lyft, Inc. on April 22, 2013. The original Certificate of Incorporation of the Corporation was filed with the Secretary of State of the State of Delaware on March 5, 2007.

2. The Restated Certificate of Incorporation of the corporation attached hereto as Exhibit "1", which is incorporated herein by this reference, and which restates, integrates and further amends the provisions of the Certificate of Incorporation of this corporation as heretofore amended and/or restated, has been duly adopted by the corporation's Board of Directors and by the stockholders in accordance with Sections 242 and 245 of the General Corporation Law of the State of Delaware, with the approval of the corporation's stockholders having been given by written consent without a meeting in accordance with Section 228 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, the corporation has caused this Restated Certificate of Incorporation to be signed by its duly authorized officer and the foregoing facts stated herein are true and correct.

Dated: April 2, 2019

**LYFT, INC.**

/s/ Logan Green
Name: Logan Green
Title: Chief Executive Officer [1]

3. At all times material hereto, defendant, ALI JAMIL MUNSON VONNER a/k/a ALI MUNSON VONNER a/k/a ALI VONNER (hereinafter "ALI MUNSON VONNER"), is a citizen and resident of the State of Maryland, residing therein at the above-captioned address.

4. Defendant, JOHN DOE, is/are various fictitious and currently unidentified Individuals, Estates, Admintrators/Adminstratrix, Professional Associations, Partnerships, Institutions, Corporations and/or Companies, whose name and information is unknown to plaintiff despite the use of due diligence. As this/these defendant(s) are identified, plaintiff shall seasonably amend this Civil Action.

5. A reasonable and diligent search was conducted to determine the actual names/identities of defendant, JOHN DOE.

[1] ***https://investor.lyft.com/node/6726/html***



Case ID: 260401466

6. Pursuant to Pennsylvania Rule of Civil Procedure 2005, defendant, JOHN DOE, is/are currently unidentified, fictitious defendants added Doe designated to this action where their actual name/identity is unknown despite a reasonable and diligent search.

7. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

8. At all relevant times, defendant, JOHN DOE, carried on substantial business activities within Philadelphia County and the Commonwealth of Pennsylvania.

9. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, are transportation network companies (hereinafter "TNC.").

10. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, supply a technology platform where an online Lyft application connects a "Lyft" driver and a "Lyft" rider who pay a fare which is automatically calculated and charged to the payment method a rider links to his/her/their account with defendant(s), LYFT AND/OR JOHN DOE.

11. At all times hereafter mentioned and at the time of the incident complained of, defendant(s), LYFT AND/OR JOHN DOE, by and through their agents, employees, officers, staff, administrators, representatives, and servants, individually, maintained certain responsibilities and obligations for the TNC.

12. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, was acting by and through its agents, employees, officers, staff, administrators, representatives, and servants, acting under defendant(s), LYFT AND/OR JOHN DOE, control and/or right of control.

13. On or about July 9, 2023, at or about 12:00 p.m., plaintiff, Atina Benson, was a passenger in a Lyft vehicle operated by defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, on or about the 3300 Block of Spring Garden Street in the City and County of

Philadelphia, Pennsylvania.

14. At all times material hereto, defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, was operating said vehicle on behalf of defendant(s) LYFT AND/OR JOHN DOE and within the course and scope of his/her engagement with of defendant(s) LYFT.

15. At all times material hereto, defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, was operating said vehicle as an agent, servant, contractor, permissive user, and/or employee of defendants, LYFT AND/OR JOHN DOE, and in furtherance of the interests of said defendant.

16. On or about April 12, 2024, at or about 5:20 a.m., defendant, ALI MUNSON VONNER AND/OR JOHN DOE, was logged into and actively operating a motor vehicle within the scope of his/her engagement with defendant(s), LYFT AND/OR JOHN DOE, and/or other unidentified individuals or entities presently designated as JOHN DOE.

17. At the aforesaid date, time, and location, defendant, ALI MUNSON VONNER, was acting as an agent, servant, workman, independent contractor, employee, and/or permissive user of defendant(s), LYFT AND/OR JOHN DOE, and was operating said vehicle with the knowledge, consent, and/or authorization of defendant(s), LYFT AND/OR JOHN DOE, and for the direct benefit of and within the course and scope of her employment, agency, or contractual relationship therewith.

18. On or about July 9, 2023, at or about 12:00 p.m., defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, while operating the Lyft vehicle on or about the 3300 Block of Spring Garden Street in the City and County of Philadelphia, Pennsylvania, was acting within the course and scope of her agency, employment, contractual relationship, and/or permissive use for the benefit of defendant(s), LYFT AND/OR JOHN DOE.

19. On or about April 12, 2024, at or about 5:20 a.m., defendant, ALI MUNSON VONNER AND/OR JOHN DOE, while working and operating defendant LYFT'S vehicle on or about the 3300 Block of Spring Garden Street in the City and County of Philadelphia, Pennsylvania, negligently and carelessly attempted to execute a left turn across oncoming traffic when it was unsafe to do so, without first ascertaining that the roadway was clear and that such movement could be made safely, thereby causing the subject motor vehicle collision in which plaintiff, an innocent passenger, was injured.

20. Upon information and belief, defendant, ALI MUNSON VONNER AND/OR JOHN DOE, attempted to make said left turn at an excessive and unsafe rate of speed under the circumstances and failed to maintain proper control of the vehicle before entering the lane of oncoming traffic.

21. Upon information and belief, Defendant, ALI MUNSON VONNER AND/OR JOHN DOE, failed to keep a proper lookout, failed to yield the right-of-way to oncoming traffic, and turned directly into the path of another vehicle when it was unsafe to do so.

22. As a direct and proximate result of the negligence and carelessness of Defendants, LYFT, ALI MUNSON VONNER, AND/OR JOHN DOE, the Lyft vehicle in which plaintiff, ATINA BENSON, was seated as a rear-seat passenger collided with another motor vehicle on or about the 3300 Block of Spring Garden Street in the City and County of Philadelphia, Pennsylvania (hereinafter referred to as the "subject collision").

23. At all times material hereto, plaintiff was a paying passenger in the Lyft vehicle and was free from negligence.

24. The subject collision was caused solely by the negligence of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, in making an unsafe left turn into oncoming traffic.

25. As a direct and proximate result of the subject collision, plaintiff sustained serious, painful, and permanent personal injuries, more fully described hereinafter.

26. At all times material hereto, defendant, ALI MUNSON VONNER, was operating the subject motor vehicle as a commercial carrier for hire on behalf of defendant(s), LYFT AND/OR JOHN DOE, within the course and scope of her engagement as a driver on the LYFT network.

27. At all times material hereto, defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, was the owner and operator of said commercial motor vehicle as a permissive user of said commercial motor vehicle with the full permission of and/or as an agent and/or employee of defendant(s), LYFT AND/OR JOHN DOE.

28. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, was vicariously liable for the negligent acts and omissions of defendant, ALI MUNSON VONNER, pursuant to the doctrine of respondeat superior, as said acts occurred within the course and scope of her agency, employment, or engagement on LYFT's behalf.

29. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, was responsible for the actions and/or inactions of defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, pursuant to the doctrine of *negligent entrustment*.

30. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, was vicariously responsible for the actions and/or inactions of defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE.

31. At all times material hereto, defendant(s), LYFT AND/OR JOHN DOE, is vicariously responsible for the conduct of defendant, ALI MUNSON VONNER, whether as employer, principal, contractor, or otherwise, under applicable agency law.

32. The accident aforementioned was caused by the joint and/or several negligence of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

33. As a direct and proximate result of the carelessness and negligence of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, plaintiff, ATINA BENSON, was caused to sustain serious, painful and permanent personal injuries, requiring the medical care and treatment by doctors and has been and will in the future continue to be hampered in her daily routine.

34. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, sustained multiple injuries including, but not limited to: concussion / head injury, with headaches, dizziness, and light-headedness after the crash; post-traumatic bilateral shoulder sprain/strain and joint dysfunction, with bilateral shoulder pain, reduced painful range of motion, and positive shoulder orthopedic testing; aggravation/exacerbation of prior post-traumatic increased headache syndrome / migraine-type headaches; aggravation/exacerbation of prior cervicalgia / post-traumatic cervical spine pain / acute neck pain; aggravation/exacerbation of prior post-traumatic cervical radiculopathy or nerve irritation surrounding the cervical discs; aggravation/exacerbation of prior post-traumatic thoracic pain / thoracic spine injury / acute thoracic sprain and strain; aggravation/exacerbation of prior post-traumatic lumbago / acute low back pain / lumbar spine injury / acute traumatic lumbar sprain and strain / post-traumatic lumbosacral strain; aggravation/exacerbation of prior post-traumatic lumbar radiculopathy / injury to the nerves surrounding the lumbar discs; aggravation/exacerbation of prior acromioclavicular joint / shoulder injury as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions



Case ID: 260401466

together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are permanent in nature.

35. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

36. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

37. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, has suffered an injury which is permanent, irreparable and severe.

38. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

39. As a further result of defendant(s), LYFT; ALI MUNSON VONNER AND/OR JOHN DOE, carelessness and negligence as aforesaid, plaintiff, ATINA BENSON, has incurred associated incidental expenses for which defendant(s), LYFT; ALI MUNSON VONNER

AND/OR JOHN DOE, are joint and/or severally liable.

40. According to Pennsylvania law, plaintiff, ATINA BENSON, is deemed to have "Full Tort" status in this litigation.

41. Defendant(s) is/are precluded from raising the limited tort defense.

42. All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**COUNT I**
**PLAINTIFF, ATINA BENSON VS. DEFENDANT, LYFT INC. f/k/a and a/k/a as BOUNDER WEB INC. f/k/a and a/k/a ZIMRIDE, INC.**

43. Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

44. The wrongful and negligent conduct of defendant(s), LYFT AND/OR JOHN DOE, individually, and by and through its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, *inter alia*, the following:

a. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to operate a commercial motor vehicle without first ascertaining whether or not he/she/their was capable of properly operating said commercial motor vehicle;
b. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to operate a commercial motor vehicle knew, or in the existence of due care and diligence should have known that defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, was capable of committing the acts of negligence set forth above;
c. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3361; Driving Vehicle at Safe Speed;
d. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat.



Case ID: 260401466

3714; Careless Driving;

e. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3736; Reckless Driving;

f. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3332; Limitations on Turning Around;

g. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3362; Maximum Speed Limits;

h. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3742; Accidents Involving Death or Personal Injury;

i. Permitting defendant(s), ALI MUNSON VONNER AND/OR JOHN DOE, to violate the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3744; Duty to Give Information and Render Aid;

j. Failing to entrust the operation of said commercial motor vehicle properly;

k. Failing to entrust the operation of said commercial motor vehicle safely;

l. Failing to entrust the operation of said commercial motor vehicle reasonably;

m. Failing to properly maintain and service said commercial motor vehicle;

n. Failing to routinely maintain and service said commercial motor vehicle;

o. Failing to safely maintain and service said commercial motor vehicle;

p. Having their employee/agent/servant failing to be properly qualified as an operator of a commercial motor vehicle of the kind operated by defendant;

q. Having their employee/agent/servant fail to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

r. Failing to institute and/or enforce policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

s. Having their employee/agent/servant fail to abide by policies and procedures regarding safe operation and maintenance of said commercial motor vehicle;

t. Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a commercial motor vehicle under the circumstances;

u. Failing to properly equip said commercial motor vehicle with assistive safety devices;

v. Failing to properly train employee/agent/servant on the proper use of said commercial motor vehicle;

w. Failing to properly train their employee/agent/servant on the safe use of said commercial motor vehicle;

x. Failing to routinely test those driving said commercial motor vehicle; and,
y. Failure to inspect said commercial motor vehicle.

45. All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**COUNT II**
**PLAINTIFF, ATINA BENSON VS. DEFENDANT, ALI JAMIL MUNSON VONNER a/k/a ALI MUNSON VONNER a/k/a ALI VONN AND/OR JOHN DOE**

46. Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

47. The wrongful and negligent conduct of defendant(s), ALI JAMIL MUNSON VONNER a/k/a ALI MUNSON VONNER a/k/a ALI VONN AND/OR JOHN DOE, individually, and by and through his/her/their wrongful, careless, and negligent conduct as an agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) of defendant(s), LYFT AND/OR JOHN DOE, consisted of, *inter alia*, the following:

a. Failing to have said subject commercial motor vehicle under adequate and proper control;
b. Attempting a left turn without first ascertaining whether the roadway was clear;
c. Failing to have the subject vehicle under adequate and proper control.
d. Attempting to execute a left turn without first ascertaining that the roadway was clear.
e. Attempting to execute a left turn across oncoming traffic when it was unsafe to do so.
f. Failing to yield the right-of-way to oncoming traffic before attempting said left turn.
g. Turning directly into the path of an approaching motor vehicle.
h. Failing to keep a proper and careful lookout for oncoming traffic.
i. Failing to observe traffic conditions then and there existing.
j. Operating the subject vehicle at a speed greater than was reasonable and prudent under the circumstances.



Case ID: 260401466

k. Operating the subject vehicle at an excessive and unsafe rate of speed under the circumstances.
l. Failing to reduce speed appropriately before attempting said left turn.
m. Failing to stop and/or slow the subject vehicle so as to avoid the collision.
n. Failing to maintain proper control of the subject vehicle while attempting said turn.
o. Failing to steer the subject vehicle in a safe and prudent manner.
p. Failing to brake the subject vehicle in time to avoid the collision.
q. Operating the subject vehicle in an inattentive manner.
r. Driving without due regard for the presence, movement, and right-of-way of oncoming traffic.
s. Failing to exercise due care under the circumstances.
t. Failing to operate the subject vehicle in a safe and prudent manner.
u. Making an unsafe left turn.
v. Making a left turn without a reasonably safe clearance to complete the turn.
w. Failing to ascertain the position and path of travel of oncoming vehicles before turning left.
x. Failing to take due note of surrounding traffic conditions before turning left.
y. Disregarding the traffic conditions, use, width, and character of the roadway.
z. Failing to obey the rules of the road applicable to left-turning vehicles.
aa. Failing to use due caution in the operation of the subject vehicle.
bb. Causing the vehicle in which Plaintiff was a passenger to collide with another motor vehicle.
cc. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3361; Driving Vehicle at Safe Speed;
dd. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat.3309 - Driving on Roadways Laned for Traffic
ee. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3714; Careless Driving;
ff. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3736; Reckless Driving;
gg. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3332; Limitations on Turning Around;
hh. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3362; Maximum Speed Limits;
ii. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3742; Accidents Involving Death or Personal Injury;



Case ID: 260401466

jj. Violating the statutes and ordinances of the Commonwealth of Pennsylvania including but not limited to, violation of 75. Pa. Cons. Stat. 3744; Duty to Give Information and Render Aid; and,

kk. Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a commercial motor vehicle under the circumstances.

48. All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, plaintiff demands judgment against the defendant(s), jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**COUNT III**
**PLAINTIFF, ATINA BENSON VS. DEFENDANTS, JOHN DOE**

49. Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

50. Plaintiff prays leave of Court to seasonably amend this Complaint and name the true identities of the JOHN DOE if and when their true identities and roles in the within matter are ascertained by plaintiff.

**WHEREFORE**, plaintiff demands judgment against the defendant(s), jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**WAPNER, NEWMAN**

**BY**: ***/s/ Simon T. Haileab***
**SIMON T. HAILEAB, ESQUIRE**
Attorneys for Plaintiff

# VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.

DocuSigned by:
A325DF7939364C8

Atina Benson